IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HOWARD L. TAYLOR, SR., and
SONYA R. TAYLOR,

    Plaintiff,

v.                                            Case No. 4:20-cv-59-AW-MJF

FARM CREDIT OF NORTH FLORIDA,
ACA,

    Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

This is a credit discrimination case. Howard and Sonya Taylor wanted to buy three-hundred-plus acres in Leon County. ECF No. 36 ¶ 25; ECF No. 36-2 at 1; ECF No. 48-1 at 378. After seeking financing through several other lenders, ECF No. 48-3 at 7-8, the Taylors were referred to Farm Credit of North Florida, ACA ("Farm Credit"), *see, e.g.*, ECF No. 36 ¶¶ 30-33; ECF No. 48-8 at 1-2. Farm Credit denied the Taylors' application, ECF No. 36-4 at 1, and its Credit Review Committee upheld the denial, ECF No. 48-11 at 68-69; ECF No. 36-4 at 5.

The Taylors allege that Farm Credit denied their application because of their race. *See* ECF No. 36 ¶¶ 2, 4; *id.* ¶ 105 (alleging "discriminatory practices against black borrowers"). They present three claims: (1) one under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, which bars discrimination as to credit transactions; (2) one under § 1981, which bars discrimination in

1

contracting; and (3) one under the Florida Fair Housing Act ("FFHA"), Fla. Stat. §§ 760.20-.37, which bars discrimination related to real estate financing.[1] ECF No. 36 ¶¶ 92-109, 110-120, 121-133.

Farm Credit moved for summary judgment. ECF No. 49. The Taylors responded in opposition and, in the alternative, asked the court to deny or defer Farm Credit's motion under Federal Rule of Civil Procedure 56(d). ECF No. 53. Farm Credit replied, ECF No. 54, and responded separately to the Rule 56(d) request, ECF No. 55. After carefully considering the briefs and the cited portions of the record,[2] I conclude Farm Credit is entitled to summary judgment.

I. **STANDARD OF REVIEW**

The summary-judgment standard is well settled: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all evidence and draw all inferences in the light most

---

[1] The Taylors' initial complaint included only an ECOA claim. ECF No. 1. The Taylors amended, adding a tortious interference claim. ECF No. 19. I dismissed the tortious interference claim for failure to state a claim. ECF No. 27 at 7-10. The Taylors then filed the operative complaint. ECF No. 36.

[2] The summary-judgment record includes more than one thousand pages. Parties must cite "particular parts of materials in the record" to support their factual assertions. Fed. R. Civ. P. 56(c)(1)(A). The court "need consider only the cited materials," and I decline to consider materials provided but not cited. *See* Fed. R. Civ. P. 56(c)(3); *accord* N.D. Fla. Loc. R. 56.1(F); *see also A.L. v. Jackson Cnty. Sch. Bd.*, 635 F. App'x 774, 786-87 (11th Cir. 2015).

2

favorable to the non-moving party (here, the Taylors). *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But the Taylors bear the burden of proof on their claims and must "go beyond the pleadings" to "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (marks omitted). This showing must surpass a mere "scintilla" and establish "evidence on which the jury could reasonably find for" the Taylors. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). And if the Taylors "fail[] to 'make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof,' then the court must enter summary judgment for the moving party." *Gonzalez v. Lee Cnty. Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998) (quoting *Celotex*, 477 U.S. at 323).

Still, "summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (discussing practical effect of *Celotex* trilogy of decisions). The court must thus "ensure that the parties ha[d] an adequate opportunity for discovery" so that summary judgment is not premature. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any

other appropriate order." Fed. R. Civ. P. 56(d). "The parties' comparative access to the witnesses or material . . . is a particularly salient factor" when a court exercises discretion under Rule 56(d).[3] *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989) (cleaned up). But whether the nonmovant had "ample time and opportunity for discovery, yet failed to diligently pursue his options," is relevant too, *id.* at 932, and a party who "has failed to make use of the various discovery mechanisms" may not be entitled to relief, *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321-22 (5th Cir. 1980).

## II. THE TAYLORS ARE NOT ENTITLED TO DENIAL OR DEFERRAL UNDER RULE 56(D).

The Taylors argue summary judgment is premature because they have not had a "full[] and fair[]" opportunity for discovery. ECF No. 53 at 14. They cannot presently oppose summary judgment, they argue, because they've thus far been denied information in Farm Credit's "sole custody and control" that would enable the Taylors to (1) identify comparators, (2) prove they qualified for the loan they sought, and (3) augment their statistical evidence of discrimination. *Id.* at 12-13. The Taylors say Farm Credit admits it retains the desired information, though without borrower race datapoints (which the Taylors assert they can derive). *Id.* at 12, 13-14, 16. So they claim their inability to obtain discovery is "no fault of their own" but

---

[3] Before the 2010 amendment, the Rule 56(d) provisions were in Rule 56(f). *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1330 n.3 (11th Cir. 2021).

4

due to Farm Credit's recalcitrance and the court's adverse discovery ruling. *Id.* at 14; *see also, e.g.*, *id.* at 23 ("[I]n denying the Taylor's Motion to Compel . . . the [c]ourt foreclosed any opportunity . . . to locate any comparator evidence.").

It's clear from their brief that the Taylors aren't seeking extra time to pursue more narrowly tailored discovery. Instead, they continue to seek exactly what they pursued (and Farm Credit objected to) in their second request for production ("RFP"): fifteen pieces of data each for five years' worth of loan applications. ECF No. 53 at 17; ECF No. 53-5 ¶¶ 7-8, 11; ECF No. 53-2 ¶¶ 1(a)-(o). I already declined to compel Farm Credit to produce this information because it was not narrowly targeted to yield valid comparators and it imposed significant burden and expense on Farm Credit. ECF No. 45 at 1-3. Ultimately, then, the Taylors seek—under the guise of a Rule 56(d) request—reconsideration of my earlier decision, with which they disagree. ECF No. 53 at 9; *see also id.* at 12 ("[T]he Court should have ordered production of the loan files . . . ."); *id.* at 14 ("[T]he Taylors do not believe their requests overbroad, unduly burdensome[,] or out of proportion."); *id.* at 16 ("[T]his was no fishing expedition by the Taylors and they should not have been denied discovery.").

Now is not the time, nor is a summary judgment response the place, for such a request. The Taylors could have asked for reconsideration promptly after the mid-June ruling. They also could have sought to reopen discovery to permit a narrower

5

request for production. Instead, they waited until faced with Farm Credit's summary-judgment motion, well after the close of discovery. At any rate, they have not shown reconsideration is appropriate, and I decline to revisit the motion to compel.

To the extent the Taylors argue there was insufficient time for full discovery, the procedural history shows otherwise. The parties' Rule 26(f) conference was in April 2020, ECF No. 16, after which discovery could begin. Yet the Taylors didn't serve their first RFP—seeking, among considerable other information, twenty-seven pieces of data for each loan Farm Credit originated over a nearly three-year period—until September 18, more than five months later. ECF No. 53-1 at 2, 9; *id.* ¶¶ 10(a)-(aa); ECF No. 53-5 ¶ 5. Farm Credit objected to this request, but the Taylors never moved to compel production. ECF No. 55 at 3; *accord* ECF No. 55-1 at 10-17; *cf.* ECF No. 53 at 5 (noting the parties attempted to reach agreement at a meet-and-confer). Nor did they serve a revised RFP within the next half year, despite several orders extending the discovery period, ultimately to June 2021, ECF No. 25 ¶ 1; ECF No. 35 ¶ 3. Instead, they waited until April 9, 2021 (nearly seven months after their first RFP), to serve the second RFP discussed above, which they characterize as "narrowed" despite seeking two additional years of data for all loan applications (not just originations). ECF No. 53-5 ¶ 7; *see also* ECF No. 53-2.

For all of these reasons, the Taylors' Rule 56(d) request is denied.[4]

### III.  FARM CREDIT IS ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS.

I now turn to the merits. Farm Credit argues summary judgment is warranted because it denied the Taylors' loan application for non-discriminatory reasons—past bankruptcies, insufficient income, excessive obligations relative to income, and an unfavorable current financial position[5]—and the Taylors haven't proffered sufficient record evidence of credit discrimination. ECF No. 49 ¶¶ 1-2; ECF No. 50 at 6-7, 14 ("The Taylors cannot prove their causes of action under any of the[] available

---

[4] The Taylors cite several decisions deeming summary judgment improper without additional discovery, but each is factually distinguishable. In *Estate of Todashev v. United States*, for example, the plaintiff had no opportunity at all to seek discovery entirely in the defendants' control because the case was stayed pending a qualified-immunity ruling. 815 F. App'x 446, 454 (11th Cir. 2020). In *Snook v. Trust Co. of Georgia Bank of Savannah*, an extensively briefed motion to compel was outstanding at the time of summary judgment. 859 F.2d 865, 870-71 (11th Cir. 1988). And in *Jackson v. Red Hills Oral & Facial Surgery, PA*, this court deferred ruling on a motion for summary judgment when the defendants had not filed an answer and discovery had not begun. 2020 WL 1124764, at *1 (N.D. Fla. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 1078760 (N.D. Fla. Mar. 6, 2020). The Taylors also cite cases affirming denial of a Rule 56(d) motion under facts like those here. *See Fla. Power & Light*, 893 F.2d at 1316 (nearly two years between complaint and summary judgment, with multiple extensions of discovery deadline); *Barfield*, 883 F.2d at 928, 932-33 (more than one year between complaint and summary judgment, and plaintiff failed to depose known witnesses or "request the court's assistance" with discovery until after already-extended discovery deadline); *Walters*, 626 F.2d at 1321-22 (plaintiff failed to subpoena and depose critical nonparty witnesses available "continuously").

[5] *See* ECF No. 36-4 at 1 (Notice of Denial of Credit); *id.* at 5-6 (Credit Review Committee denial letter); ECF No. 51-1 at 78 (Explanation for Credit Denial); ECF No. 48-12 at 3 (policy as to loan applicant bankruptcies).

7

methods of proof.").[6] The Taylors, for their part, argue there are genuine issues of material fact, making summary judgment inappropriate. ECF No. 53 at 20.

The analytical framework used in Title VII cases applies to § 1981 discrimination claims. *Brown v. Am. Honda Motor Co.*, 939 F.2d 946, 949 (11th Cir. 1991) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 185-87 (1989)). Same for the FFHA. *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014) (FFHA claims analyzed like federal FHA claims); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc.*, 3 F.3d 1472, 1476 n.6 (11th Cir. 1993) (federal FHA claims analyzed like Title VII claims). Most courts assume the same framework applies to ECOA claims too. *See, e.g.*, *Hall v. Johanns*, 208 F. App'x 726, 726 (11th Cir. 2006); *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1338 (M.D. Ala. 2003) ("[T[he Eleventh Circuit has unflinchingly applied Title VII's analytical framework to a host of anti-discrimination statutes, thus this court does not find any reason to suspect that the Eleventh Circuit would take a different approach to the ECOA.").

---

[6] Farm Credit raises three other arguments too. First, it argues the Taylors cannot succeed under a mixed-motive theory for proving discrimination, ECF No. 50 at 25-26, but the Taylors disclaim reliance on that theory, ECF No. 53 at 32. Farm Credit also argues the Taylors' FFHA claim fails because the FFHA does not cover vacant-land loans, ECF No. 49 ¶ 3; *accord* No. 50 at 27, and that the Taylors cannot establish damages, ECF No. 49 ¶¶ 4; No. 50 at 28-29. Because I find the Taylors have not provided any evidence of discrimination, *infra* Part III.A-B, I need not address these last two questions.

8

This means the Taylors may defeat summary judgment with (1) direct evidence of discrimination; (2) statistical proof of a pattern and practice of discrimination; or (3) circumstantial evidence. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010) (citation omitted). But the Taylors do not seek to prove their claims with statistical data. ECF No. 53 at 20. And they point to no direct evidence of discrimination.[7] That leaves circumstantial evidence—either using the *McDonnell Douglas* burden-shifting framework,[8] *id.*, or by presenting a convincing mosaic of record evidence of discrimination, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

---

[7] A plaintiff seeking to establish discrimination by direct evidence faces a heavy burden. Direct evidence must "prove the existence of a fact without inference or presumption." *See Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1156 (11th Cir. 2020) (cleaned up). "Only the most blatant remarks, whose intent could mean nothing other than to discriminate . . . constitute direct evidence," and a statement that only "suggests . . . a discriminatory motive" is circumstantial. *Id.*; *see also Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (Evidence "subject to more than one interpretation does not constitute direct evidence.") (citation omitted).

[8] The Taylors mention four nonbinding cases that they say "throw[] wrinkles into *McDonnell Douglas*" in credit-discrimination cases. ECF No. 53 at 10-12 (citing *Cherry v. Amoco Oil Co.*, 490 F. Supp. 1026 (N.D. Ga. 1980); *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261 (3d Cir. 2010); *BNT Ad Agency, LLC v. City of Greensboro*, 837 F. App'x 962 (4th Cir. 2020); and *Sallion v. SunTrust Bank, Atlanta*, 87 F. Supp. 2d 1323 (N.D. Ga. 2000)). But they don't flesh out those wrinkles or point to record evidence supporting their claims under these cases, so I do not address them.

### A. The Taylors cannot succeed under *McDonnell Douglas*.

Under the framework from *McDonnell Douglas Corp. v. Green*, the plaintiff bears the initial burden of showing a prima facie case of discrimination. 411 U.S. 792, 802 (1973). An essential element of that is showing a valid comparator—someone "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc). Here, "the Taylors admit that they cannot identify a valid comparator." ECF No. 53 at 23; *accord* ECF No. 48-1 at 239:9-240:18. Thus, they cannot use the *McDonnell Douglas* framework to defeat summary judgment.[9]

### B. The Taylors have not shown a convincing mosaic of circumstantial evidence of discrimination.

A plaintiff who cannot leverage *McDonnell Douglas* can nonetheless withstand summary judgment "if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith*, 644 F.3d at 1328 (cleaned up). Evidence may include "(1) suspicious timing, ambiguous

---

[9] Farm Credit disputes whether the Taylors can satisfy other elements of a prima facie case under *McDonnell Douglas*, including proving they qualified for the loan at issue and identifying a decisionmaker aware of any comparators. ECF No. 50 at 21-23. Farm Credit also argues that, even if the Taylors could prove a prima facie case, they cannot demonstrate Farm Credit's non-discriminatory reasons for denying the loan were pretext. *Id.* at 23-24. Because there is no valid comparator, I need not reach these questions. This also moots the issue of whether *McDonnell Douglas* applies to ECOA claims. *Cf. Hall*, 208 F. App'x at 726.

statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019) (cleaned up).

The Taylors point to various hypothetical circumstantial evidence that might create a convincing mosaic[10] but cite to only one piece of record evidence: comments about southern foods. ECF No. 53 at 31. The Taylors allege that Richard Terry, a Credit Review Committee member reviewing the Taylors' loan denial, made comments about foods "carry[ing] racial overtones" (swamp cabbage, chitlins, and collard greens). ECF No. 36 ¶¶ 82-89; *see also* ECF No. 50 at 8 (identifying committee members). Terry admitted telling a story involving these foods before the review meeting but denied any "intent . . . [to] speak[] disrespectfully." ECF No. 48-11 at 43:23-47:24. The Taylors characterize the story as "derogator[y]" and allege it was intended to "degrade[], humiliate[,] and embarrass[]" them. ECF No. 36 ¶ 88. Howard Taylor also testified at deposition to feeling angry, demeaned, and

---

[10] ECF No. 53 at 31 ("Imaginably, some circumstantial evidence could be the disparate lending statistics the Defendant admitted . . . . Other circumstantial evidence could be the manufactured credit scores, the increasing down-payments, and the inexplicable 'ratios' which have never been explained by any witness or produced as loan or credit policy.").

11

powerless by the story. ECF No. 48-1 at 292:22-293:13 ("[T]here's nothing we can say or do.").

This single record citation hardly constitutes a mosaic of evidence; a mosaic, in this context, comprises many parts which combine to form an overall picture. Further, Terry's story was unconnected to Farm Credit's decisionmaking process, both substantively (because it did not pertain to the loan underwriting) and temporally (since it occurred after the Taylors' application was denied, albeit before the Credit Review Committee's review began). While I accept as true, for present purposes, Mr. Taylor's testimony about his subjective reactions to Terry's comments, a reasonable jury could not conclude—without more—that the southern-foods comments proved race-based discrimination.

Finally, even if I construe the Taylors' response as asserting that their statistical data contribute to the mosaic, the Taylors still fall short of establishing a convincing mosaic. The Taylors argue that the statistics—which are "derived directly from public records"—"show[] an undeniable imbalance" in the racial mix of Farm Credit's loans. ECF No. 53 at 6. This may be true, but the Taylors point to no additional data showing that imbalance isn't reflective of, say, disparate loan application rates instead of disparate approval rates. *Cf. Brown*, 939 F.2d at 952 (noting fact that few black applicants were selected is not useful without knowing how many black applicants there were or how they compared to similarly situated

white applicants). Without record evidence contextualizing the Taylors' data, I cannot draw a reasonable inference in the Taylors' favor.[11] The statistical data therefore does not strengthen the Taylors' convincing mosaic method of proof.

In short, the Taylors have not shown circumstantial evidence from which a reasonable jury could conclude that Farm Credit's decision was based on race, rather than legitimate race-neutral reasons, like the Taylors' history of bankruptcies. *See, e.g.*, ECF No. 53 at 28; ECF No. 50 at 3; ECF No. 48-1 at 388, 390, 393, 397.

## IV. CONCLUSION

The Taylors' request to deny or defer summary judgment under Rule 56(d), ECF No. 53, is DENIED. Farm Credit's motion for summary judgment, ECF No. 49, is GRANTED. The clerk will enter a judgment that says, "This case was resolved on summary judgment. Plaintiffs' claims are dismissed on the merits. Plaintiffs shall take nothing from this case." The clerk will close the file.

SO ORDERED on October 6, 2021.

s/ *Allen Winsor*<br>
United States District Judge

---

[11] The Taylors emphasize Farm Credit's "admi[ssion]" at a deposition that it had no evidence refuting the statistics alleged in the complaint. ECF No. 53 at 7, 22. But Farm Credit—which denied the Taylors' statistical allegations in its answer, ECF No. 38 ¶¶ 103-04—has no burden in this regard. At this stage, the Taylors had to go beyond the pleadings.

13